## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 7** |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES, LLC,** | § | **Lead Bankruptcy Case No. 22-32998** |
| | § | |
| *Debtor.* | § | |
| | § | |
| | § | |
| **2727 KIRBY 26L, LLC;** | § | **Adversary No. 24-03091** |
| **9201 MEMORIAL DR LLC; and** | § | |
| **SHEPHERD-HULDY DEVELOPMENT I, LLC;** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CYPRESS BRIDGECO, LLC;** | § | |
| **MAGNOLIA BRIDGECO, LLC; and** | § | |
| **GARY LANCASTER, TRUSTEE** | § | |
| | § | |
| *Defendants.* | § | |

### CYPRESS BRIDGECO, LLC'S SUPPLEMENT TO EMERGENCY
### MOTION TO EXPUNGE LIS PENDENS AND EMERGENCY HEARING REQUEST

Defendant Cypress BridgeCo, LLC files this Supplement to its Emergency Motion [Dkt. 25] to expunge yet another invalid lis pendens recorded against 2727 Kirby #26L, Houston, Texas 77098 (the "Property") by Ali Choudhri and 2727 Kirby 26, LLC (the "Choudhri Plaintiffs").

1.      BridgeCo has recently filed two emergency motions in this Court to expunge lis pendens that have been improperly recorded against the same Property [Dkt. 12, 25]. This, of course, includes the current pending Emergency Motion [Dkt. 25] that the Court has set for a hearing on December 19, 2024 [Dkt. 26].

2.      Now, a day after undersigned counsel conferred with Mr. Choudhri regarding the invalid lis pendens at issue in the Emergency Motion (the "Original Lis Pendens") [*see* Dkt. 25-1], the Choudhri Plaintiffs recorded *another* lis pendens against the Property (the "Additional Lis Pendens") on December 10, 2024. *See* Exhibit A, *Mr. Choudhri's Notice of Lis Pendens*, Instrument No. RP-2024-459260. Mr. Choudhri recorded this Additional Lis Pendens in reference to another state court action pending in the 133rd Judicial District Court of Harris County (the "State Court Action") that BridgeCo is not a party to. That lawsuit, initiated in February 2023, includes fraud-related claims asserted by a judgment creditor against the Choudhri Plaintiffs. *See* Exhibit B, Plaintiffs' First Amended Petition.

3.      This Additional Lis Pendens is invalid for the same reasons that BridgeCo argues the Original Lis Pendens is invalid in its Emergency Motion. *See* Dkt. 25 ¶¶ 17-24. Thus, BridgeCo Supplements its Emergency Motion to request that the Court also expunge this Additional Lis Pendens.

4.      **First,** the Choudhri Plaintiffs have yet to provide any notice of this Additional Lis Pendens to BridgeCo—a procedural requisite that is fatal to its validity under Section 12.0071 of the Texas Property Code. *See* Exhibit C, Declaration of Casey Marcin; *see also* Dkt. 25 ¶¶ 20-21 (citing to TEX. PROP. CODE §§ 12.0071(c), 12.007(d)).

5.      **Second**, the referenced State Court Action does not assert any direct real property claims. Instead, it involves fraud-related allegations seeking a judgment lien or damages, which are insufficient to support a lis pendens. *See, e.g.,* Dkt. 25 ¶¶ 19, 21 (citing to *In re Jackson*, No. 14-23-00753-CV, 2024 WL 1102888, at *3 (Tex. App.—Houston [14th Dist.] Mar. 14, 2024, no pet.) (allegations of fraud and other claims seeking to recover damages or enforce a judgment are "essentially a prayer for a judgment lien, affect[ing] the property only collaterally, and does not

come within the provisions of § 12.007.")). This also is an independent basis for the Court to expunge the invalid Additional Lis Pendens under Section 12.0071(c) of the Texas Property Code. *See* TEX. PROP. CODE § 12.0071(c)(1)(providing that the Court shall expunge the lis pendens where "the pleading on which the notice is based does not contain a real property claim.").

6. As noted in its Emergency Motion [Dkt. 25 ¶ 16], this Court has the authority to expunge the Additional Lis Pendens: (1) the Court explicitly "retained jurisdiction over any disputes related to the Propert[y] and jurisdiction to enforce [its] Order [Dkt. 25-3]," and (2) 11 U.S.C. § 105 empowers the Court to "issue any order, process, or judgment that is necessary or appropriate . . . to enforce or implement court orders or rules, or to prevent an abuse of process." *See* § 105.

7. The Choudhri Plaintiffs' continued recordings of baseless and unsupported lis pendens is an abuse of process and clear effort to only obstruct BridgeCo's legitimate business operations. Accordingly, BridgeCo seeks not only the expungement of the Additional Lis Pendens but also its attorneys' fees and costs incurred in preparing this Supplement and addressing these repeated improper filings.

8. For the reasons stated above, BridgeCo respectfully requests that the Court grant this Emergency Motion to Expunge, including the relief sought in this Supplement. BridgeCo prays that the Court expunge the Original and Additional Lis Pendens and grant all other appropriate relief, including BridgeCo's attorneys' fees and costs.

Dated: December 16, 2024,                       MCDOWELL HETHERINGTON LLP

                                                By: _____
                                                    Robert P. Debelak III
                                                    Texas Bar No. 24078410
                                                    Justin R. Huber

Texas Bar No. 24132916
1001 Fannin Street, Suite 2400
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: <u>bobby.debelak@mhllp.com</u>
   <u>justin.huber@mhllp.com</u>
*Counsel for Cypress BridgeCo, LLC*

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

_____
Justin R. Huber

## CERTIFICATE OF SERVICE

I certify that, on the date set forth above, I cause a copy of the foregoing Supplement to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. I also certify that this Supplement has been provided to the individual that recorded the *Notice of Lis Pendens*—Ali Choudhri—at issue in accordance with the Federal Rules of Bankruptcy Procedure.

_____
Justin R. Huber